UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARRELLO BARNES,


                                   Plaintiff,

                                                    DECISION AND ORDER

                                                    06-CV-6363L

              v.

ROBERT F. HENDERSON.
JOHN W. BURGE,
GLENN GOORDE,
DONALD SELSKY,


                                   Defendants.

_____


        Plaintiff Arrello Barnes, appearing *pro se*, commenced this action under 42 U.S.C. § 1983.

Plaintiff, an inmate in the New York State Department of Correctional Services ("DOCS'), alleges

that defendants Robert Henderson, John Burge, Glenn Goord, and Donald Selsky, all of whom at all

relevant times were officials or employees of DOCS, violated his constitutional rights in connection

with a disciplinary hearing held at Elmira Correctional Facility ("Elmira") in April 2006.

Specifically, plaintiff alleges a due process claim against Henderson, Burge and Goord, an Eighth

Amendment failure-to-protect claim against Burge, Goord, and Selsky, and an equal protection claim

against all defendants.

Defendants have moved to dismiss the equal protection and failure-to-protect claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants also move to dismiss all the claims against Goord and Selsky on the ground of lack of personal involvement.  For the reasons that follow, defendants' motion is granted.[1]

## FACTUAL BACKGROUND

In April 2006, a Tier III Disciplinary Hearing, was held before defendant Henderson concerning plaintiff's involvement in a fight between inmates which occurred on March 24, 2006 (Dkt. #t.#1-1 at 17; #1-2 at 11).  Plaintiff was found guilty and was sentenced to eighteen months in the Special Housing Unit.  (Dkt. #1-1 at 6).

Plaintiff commenced this action on July 20, 2006.  He alleges that Henderson violated his right to equal protection by "conducting an unfair and bais [sic] hearing" and by denying plaintiff's request to call certain witnesses and introduce certain evidence.  (Dkt. #1-1 at 6). Plaintiff also alleges that he complained in writing about these matters to Elmira Superintendent Burge, and that Burge failed to "correct the mistake of his subordinates." (Dkt. #1-1 at 8).

In addition, plaintiff has sued DOCS Commissioner Glenn Goord and Director of Special Housing Donald Selsky.  The bases for plaintiff's claim against Goord are that he "covered up

---

[1]Plaintiff has also moved for an extension of time to effect service on defendants Selsky and Henderson.  As explained below, however, plaintiff has failed to state a cognizable claim against Selsky.  As to Henderson, the New York State Attorney General's Office has undertaken his defense, as evidenced by the motion to dismiss, so there does not appear to be an issue in this case concerning any failure to serve Henderson.  Plaintiff's motion is therefore denied as moot.

for his employees" concerning what plaintiff alleges was an invalid extension of his hearing by

Henderson, and that Goord failed to notify plaintiff of the decision concerning plaintiff's appeal.

(Dkt. #1-1 at 7).  The bases for plaintiff's claims against Selsky are that he failed to notify

plaintiff of the decision on plaintiff's appeal, and that Selsky ratified or failed to overturn

Henderson's findings and the sentence imposed on plaintiff. (Dkt. #1-1 at 7).

**DISCUSSION**

**I**. **Standard of Review**

On a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, the facts in the complaint are presumed to be true, and all reasonable inferences are

drawn in the plaintiff's favor. *See Equal Employment Opportunity Comm'n v. Staten Island*

*Savings Bank*, 207 F.3d 144, 148 (2d Cir. 2000).  A complaint may be dismissed only if "it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief."  *Drake v. Delta Air Lines*, *Inc*., 147 F.3d 169, 171 (2d Cir. 1998)

(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957)).

Because the plaintiff here appears *pro se*, the complaint must be liberally construed in

favor of the plaintiff, and held to "less stringent standards than formal pleadings drafted by

lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520,

(1972); *see also Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993).  The Court interprets

complaints submitted by *pro se* plaintiffs to raise the strongest arguments that they suggest.

*Burgin v. GMC*, No. 04-CV-503S, 2006 U.S. Dist. LEXIS 16915, at *10 (W.D.N.Y. Feb. 24, 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520, (1972)).

The rules concerning liberal construction of *pro se* complaints have their limits, however. In order to survive a motion to dismiss for failure to state a claim, the complaint "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." *Holland v. Goord*, No. 05-CV-6295, 2006 U.S. Dist. LEXIS 47537 at *4 (W.D.N.Y. Jul. 12, 2006) (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987)).

## II. Equal Protection Claim

Plaintiff contends that defendants Henderson, Burge and Goord have violated his right to equal protection. This claim must be dismissed.

To establish an equal protection violation, a plaintiff generally "must prove purposeful discrimination ... directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (internal citations omitted). In the instant case, plaintiff has not alleged that he has been subjected to *any* discriminatory treatment based on his membership in an identifiable or suspect class.

To the extent that plaintiff's equal protection claim is based on a "class of one" theory, it is equally meritless. To state a valid equal protection "class of one" claim, a plaintiff must allege (1) that he has been intentionally treated differently from others similarly situated, and (2) that

there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, (2000); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003).  "In order to succeed on a 'class of one' claim, the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high." *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005).  "The standard for determining whether another person's circumstances are similar to the plaintiff's must be ... whether they are '*prima facie identical*.'" *Id*. at 105 (quoting *Purze v. Village of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002)).

Here, plaintiff has not even identified any similarly situated inmates who were treated differently from him, much less shown an "extremely high" level of similarity between them. Since plaintiff has not alleged any facts in support of his equal protection claim, then, this claim must be dismissed.


**III. Failure-to-Protect Claim**

Plaintiff also contends the defendants Burge, Goord and Selsky violated his Eighth Amendment rights by failing to protect him.  This claim must be dismissed.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dep't. of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, (1970)).  Under 42 U.S.C. § 1983, prison officials are liable for harm suffered by an inmate if the officials acted with "deliberate indifference" to the inmate's safety. *Morales v. New York State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988).  In order to demonstrate such deliberate indifference, the plaintiff

must show that "he is incarcerated under conditions posing a substantial risk of serious harm" and that the prison official had "knowledge that an inmate face[d] a substantial risk of serious harm and he disregard[ed] that risk by failing to take reasonable measures to abate the harm." *Hayes*, 84 F.3d at 620.

In the instant case, plaintiff has failed to allege any facts in support of his Eighth Amendment failure-to-protect claim. Although the disciplinary hearing related to a fight with another inmate, this claim does not appear to have any direct connection with that incident; rather, it seems that plaintiff may be confusing a failure to protect from physical harm, for Eighth Amendment purposes, with a failure to prevent or correct constitutional violations generally, such as the due process violations alleged in this case. Since plaintiff has not alleged that he was subjected to any physical harm as a result of defendants' actions, or that defendants acted with deliberate indifference as to his safety, this claim must be dismissed.


**IV. Personal Involvement of Defendants Goord and Selsky**

All of plaintiff's claims against Goord and Selsky must also be dismissed, on the grounds that plaintiff has failed to allege facts showing that Goord and Selsky were personally involved in the alleged constitutional violations.

A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must allege that the supervisor was personally involved in the alleged constitutional deprivation. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001). Personal involvement may be shown by

evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberated indifference to others' rights by failing to act on information indicated that constitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

"Where a supervisor's involvement in a prisoner's complaint is limited to forwarding of correspondence to appropriate staff, the supervisor has insufficient personal involvement to sustain a § 1983 cause of action." *Liner v. Goord*, 310 F. Supp. 2d 550, 555 (W.D.N.Y. 2004). *See*, *e.g.*, *Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir. 1997) (summary judgment affirmed where commissioner referred plaintiff's letter to the prison superintendent); *Garvin v. Goord,* 212 F. Supp. 2d 123, 126 (W.D.N.Y. 2002) (granting summary judgment to DOCS commissioner based on lack of personal involvement); *Farid v. Goord*, 200 F. Supp. 2d 220 (W.D.N.Y. 2002) (dismissing action against DOCS commissioner and prison superintendent for lack of personal involvement where plaintiff merely sent petition to them and each referred the petition down the chain of command for investigation.)

In the instant case, plaintiff's claims against Goord rest on his allegation that Goord "covered up for his employees." (Dkt. #1-1at 7). The complaint offers nothing more than this conclusory assertion, however, and alleges no *facts* in support of that assertion. All that the

complaint indicates is that Goord forwarded plaintiff's letters to members of his staff, who responded to the plaintiff. (Dkt. #1-1 at 20, 21).  That is not enough.

As to defendant Selsky, plaintiff's complaint also contains nothing more than his conclusory, barely coherent assertion that Selsky "act[ed] in cohoot [sic] with his co-working." (Dkt. #1-1 at 7).  That is simply not enough to show personal involvement on Selsky's part.

## V. Claims Against Defendants in their Official Capacity

To the extent that plaintiff's claims are asserted against defendants in their official capacities, the claims are barred by the Eleventh Amendment and must be dismissed.

The Eleventh Amendment bars lawsuits by citizens against a state unless the state has waived its sovereign immunity.  *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). "Although a case may arise under the Constitution and laws of the United States, the judicial power does not extend to it if the suit is sought to be prosecuted against a State, without her consent, by one of her own citizens." *Id.* at 68.  Similarly, the Second Circuit has noted that "the Eleventh Amendment has been interpreted to render states absolutely immune from suit in federal court unless they have consented to be sued in that forum or unless Congress has overridden that immunity by statute." *National Foods, Inc. v. Rubin,* 936 F.2d 656, 658-59 (2d Cir. 1991).  This immunity extends to state agencies, state branches of government, and other arms of the state unless the state has consented to suit or Congress has properly overridden the state's immunity.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

DOCS, a state agency, enjoys Eleventh Amendment immunity from suit in federal court. *Delgado v. New York City Dep't of Corr.*, No. 90Civ.0663(VLB) 1992 U.S. Dist, LEXIS 13989, at * 4 (S.D.N.Y. Mar. 30, 1992).  In addition, claims against state officials in their official capacities are considered to be claims against the state, and therefore, "[t]he Eleventh Amendment bars recovery against an employee who is sued in his official capacity."  *Farid v. Smith*, 850 F.2d 917, 921 (2d Cir. 1988).  Plaintiff's claims defendants in their official capacities are therefore barred by the Eleventh Amendment and must be dismissed.


## CONCLUSION


Defendants' motion to dismiss (Dkt. #9) is granted.  Plaintiff's equal protection and failure-to-protect claims are dismissed against all defendants, and all of plaintiff's claims against defendants Goord and Selsky are dismissed.

Plaintiff's motion for an extension of time to serve defendants Selsky and Henderson (Dkt. #13) is denied as moot.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
       June 19, 2007.

- 9 -